IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIMITRY BAUM AND MARIA BOYKO,<br><br>Plaintiffs<br><br>v.<br><br>JEREMY DOZIER, JENNIFER ANDERSON,<br>ROBERT MEEDER, AND KAREN PERSONS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 06 C 3189<br><br>   The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Dimitry Baum and Maria Boyko sued a former Illinois State Trooper and three current Illinois State Troopers alleging violations of 42 U.S.C. § 1983 related to a Jeremy Dozier's abuse of his authority as a state trooper. One of those Defendants, Karen Persons, moves to dismiss, arguing the statute of limitations bars the claim against her.

In June 2005, Dimitry Baum and Maria Boyko were driving on an interstate highway in suburban Chicago. They pulled over to complete a personal discussion and to allow Boyko to quickly go to the bathroom. While they were stopped on the shoulder of the interstate, Baum and Boyko allege that an Illinois State Trooper, Jeremy Dozier, arrived behind them. Baum and Boyko claim that Dozier abused his authority as an officer to fulfill his illicit sexual desires, ordering them to disrobe and humiliate themselves for his gratification.

After Dozier's illegal intentions became clear, Baum called 911 for assistance. They allege that the dispatch operators not only refused to help them, but actually helped Dozier to accomplish

his aim by informing him of their whereabouts after they had momentarily escaped. An investigation revealed this was not the first of Dozier's indiscretions.

Approximately a year later, in June 2006, Baum and Boyko sued Dozier, a 911 dispatch operator for the Illinois State Police (Jennifer Anderson), and Dozier's direct supervisor (Robert Meeder). Dozier did not answer the Complaint and the Court entered a default judgment against him in October 2006. Anderson and Meeder, however, both answered the Complaint. Anderson denied speaking to Baum during the date of the incident. (See Anderson Answer ¶¶ 25-31). Importantly, Meeder admitted that Baum spoke with a dispatch operator, but specifically denied that Baum spoke with Anderson. (See Meeder Answer ¶¶31).

In January 2008, Baum and Boyko amended their Complaint to include Defendant Karen Persons. The Amended Complaint contained substantially the same allegations as the initial Complaint but for the fact that Persons was substituted as the dispatch operator that Baum spoke with during Dozier's illegal conduct. (See Compl. ¶¶25-31; Am. Compl. 26-32).

Courts borrow the forum state's statute of limitations for personal injury claims to determine the statute of limitations for § 1983 claims. *Limestone Develop. Corp. v. Village of Lemont, Il.*, 520 F.3d 797, 805 (7th Cir. 2008). Persons points out that the Plaintiffs allege that the incident occurred in June 2005, but did not add Persons as a defendant until January 2008, six months after the two-year statute of limitations lapsed. The Plaintiffs argue that the discovery rule and the doctrine of equitable tolling apply to preserve their claim against Persons.

The discovery rule exists to protect plaintiffs from the harsh consequences that would result from a literal application of statutes of limitation. *Evans v. City of Chicago*, 434 F.3d 916, 934 n. 28 (7th Cir. 2006) (citing *Golla v. General Motors Corp.*, 167 Ill.2d 353, 360, 657 N.E.2d 894 (Ill.

1995)). The discovery rule "'postpone[s] the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.'" *Hollander v. Brown*, 457 F.3d 688. 692 (7th Cir. 2006) (quoting *Golla*, 167 Ill.2d at 361). Under the discovery rule, the event that triggers the commencement of the statute of limitations period is the knowledge of an injury that is wrongfully caused. *See Golla*, 167 Ill.2d at 360-61. That knowledge places a duty upon potential plaintiffs to take reasonable acts to discover any potential claims he might have, and injuries that are "sudden" and "traumatic" are not the types of injuries to which the discovery rule applies. *Id.*

The Plaintiffs allege that Dozier used his authority as a state trooper to harass them on the side of an interstate highway, forcing them to disrobe and perform acts presumably for his sexual gratification. This is precisely the type of "sudden" and "traumatic" injury that Illinois Courts are reluctant to embrace as requiring the tolling of the statute of limitations. The Plaintiffs knew they had been wrongfully injured the moment Dozier abused his authority. They had two years from that point to use the legal process to discover the identities of any other persons who might have contributed to their injuries. *See Fidelity Nat. Title Ins. Co. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006) (discovery rule does not delay the running of the statute of limitations until plaintiff discovers *who* injured him, which can be learned during the discovery period); *see also McCormick v. Uppuluri*, 250 Ill. App. 3d 386, 391-92, 621 N.E.2d 57 (Ill. App. Ct. 1993). The discovery rule does not apply here.

The Plaintiffs also argue that the Court should equitably toll the statute of limitations. The doctrine of equitable tolling allows a plaintiff to file suit after the statute of limitations has expired if he could not reasonably have been expected to have done so sooner. *Springman v. AIG Marketing,*

3

*Inc.*, 523 F.3d 685, 688 (7th Cir. 2008). For example, it allows plaintiffs to extend the statute of limitations period if a plaintiff knows of an injury but does not know who caused it. *Id.* at 689. The doctrine, however, is not without limitation: a plaintiff must act diligently to seek out the identity and sue promptly once he discovers it. *Id.*

The Plaintiffs allege that the state's attorney in the criminal prosecution of Dozier informed them that Anderson (and not Persons) was the dispatch operator to whom Baum had spoken on the night of the incident. They argue that it was reasonable for them to rely on this information in light of the fact that neither Anderson's nor Meeder's 26(a)(1) disclosures identify Persons as the call taker. The Plaintiffs' argument is not convincing.

It is not clear why the Plaintiffs believe the state's attorney's information was reliable. They do not suggest that during Dozier's trial he called Anderson to the stand to provide testimony regarding the incident in question. Nor do they (or could they) suggest that the state's attorney acted as an agent for the defendants. His position as a public official might warrant an presumption of trustworthiness, but it is not reasonable to rely upon him for knowledge regarding internal operations of the Illinois State Trooper's Office.

Putting aside the state's attorney's reliability, the Defendants' answers provided direct evidence that Plaintiffs' had not identified the proper call taker. Anderson denies that she spoke to Baum on the date of the incident. Meeder goes a step further and admits that Baum spoke to a dispatch operator, but denies that it was Anderson. Certainly these denials put the Plaintiffs on notice that they might have sued the wrong person. Despite this notice, the Plaintiffs never propounded interrogatories or requests to admit that might have clarified the matter.

4

In addition to the Defendants' answers, their Rule 26(a) disclosures filed by both Anderson and Meeder listed Persons as a call taker who might have knowledge regarding their claims because she had been on duty the night of the incident. The Plaintiffs assert that because the Defendants failed to list Persons as "the" call taker the Rule 26(a) disclosures provided no basis for them to discover Persons' identity. However, Persons was the only call-taker besides Anderson listed in the disclosures. Coupled with Defendants' answers, this disclosure, at a minimum, pointed the Plaintiffs in the right direction. Even if Plaintiffs had taken no other discovery and reviewed no other documents, it would have been more than reasonable in light of Meeder's and Anderson's denials to suspect that Persons might have been the person to whom Baum spoke. Defendants provided these answers in September 2006 and made their Rule 26(a) disclosures in November of 2006, leaving Plaintiffs more than seven months to investigate who took Baum' call.

In addition, Defendants listed the Illinois State Police Investigative Reports in their November 2006 disclosures as a document that might contain information about the Plaintiffs' claims. Persons's document interview (a two-page document) identifies her as the operator who spoke with Baum. This is not some arcane, perhaps irrelevant, document lost in a sea of documents that Plaintiffs' might reasonably have overlooked; it is the Illinois State Police's internal investigation of the incident, a critical piece of evidence any reasonable attorney would seek to quickly acquire and review to gather support for his clients' claims. Plaintiffs do not allege that Defendants concealed the report, and offer no explanation for their failure to review it before the expiration of the statute of limitations.

Plaintiffs claim they acted with diligence, but the record reveals they did anything but. Despite answers on file that advised thee Plaintiffs that they had identified the incorrect call taker

and despite Rule 26(a) disclosures that pointed Plaintiffs in the direction of the correct call taker, Plaintiffs blindly pressed forward with their claims, not bothering to investigate potential problems with their claims. Indeed, Plaintiffs point to no act they took within the limitations period other than filing suit against Dozier, Anderson, and Meeder, to demonstrate they acted with diligence. If that were all that were required to demonstrate diligence, a plaintiff could substitute a new defendant at any time without regard to Rule 15 or applicable statutes of limitations.

The Court finds no reason to toll the statute of limitations and GRANTS Persons's Motion to Dismiss.

IT IS SO ORDERED.


6/17/08
Dated

Hon. William J. Hibbler
United States District Court